AGOSTINI, PETITIONER AND APPELLANT, v. MUNICIPAL COURT OF SAN JUAN ET AL., RESPONDENTS AND APPELLEES.

APPEAL from the First District Court of San Juan in Certiorari Proceedings.—Motion for Dismissal.

No. 3431.—Decided December 2, 1924.

CERTIORARI—UNLAWFUL DETAINER—APPEAL.—The right of appeal being universal, orders in certiorari proceedings brought for the review of questions of jurisdiction or procedure in actions of unlawful detainer cases are appealable, although only one appeal is allowed in such cases. For this reason district courts should be cautious in issuing writs of certiorari in actions of unlawful detainer originating in municipal courts.

The facts are stated in the opinion.

Mr. L. Feliú for the appellant.

Mr. M. Tous Soto for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

On a motion to dismiss an appeal it transpires that the District Court of San Juan, First Section, issued a writ of certiorari to review the proceedings of a municipal court in an unlawful detainer proceeding. After an argument and submission the district court annulled its writ and imposed costs on the petitioner, now appellant in this court.

In moving to dismiss the appellee has insisted that the Unlawful Detainer Act contemplates only an appeal from a municipal court to a district court, or from a district court to the Supreme Court and that by filing a writ of certiorari to revise the proceeding of a municipal court the appellant has stultified the law, inasmuch as he will succeed in having his proposition reviewed in three courts, instead of a single trial and a single review.

The Certiorari Law of 1904 gives a limited right of review. The reviewing court has only authority to consider questions of jurisdiction or procedure or to complete proceedings when the court below erroneously refuses to do so. The superior court has no authority to consider the case on its substantive merits. Therefore when a petitioner makes an application to a court for a writ of certiorari in an un-

lawful detainer proceeding the district court should examine the petition with great care. It will be presumed that each court has done so. Of course, the court may frequently quash the writ after hearing the other side, as happened here.

The law, however, in a proper case, as outlined above, gives every citizen a right to have all proceedings reviewed by a writ of certiorari. It is an universal proposition from which no exception is made for unlawful detainer cases. It stands to reason that if there have been serious infractions of jurisdiction or procedure, there is a rapid review by certiorari. The law makes no exception and we can make none. An appeal lies in all cases in accordance with section 295 of the Code of Civil Procedure.

If the appellee is convinced that the certiorari was a frivolous proceeding and that the appeal is equally so or taken for delay, there are ways of reaching the matter by a motion in this court.

None of the essential questions are before us. The appellant in time asked for an extension of time to file the transcript. The motion to dismiss must be overruled and, as much time has passed, the appellant is given five days within which to file the said transcript.

*Motion overruled.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco, Soto concurred.